Good afternoon, Illinois Appellate Court, First District Court is now in session. The Sixth Division, the Honorable Justice Sanjay T. Taylor presiding, case number 23-2007, Bulletproof Plumbing Corp. v. Thomas B. Ohlson. Good afternoon, my name is Sanjay Taylor, the presiding justice of the Sixth Division of the First District Appellate Court. I'm joined by my colleagues, Justice Michael Hyman and Justice Celia Gamrath. If I could have counsel for the appellant and happily introduce themselves and for the appellant, please let me know how much of your 20 minutes you would like to reserve for rebuttal. So counsel for the appellant. Good afternoon, your honor. My name is John O'Brien, I'm the attorney for the appellant. I doubt that I will need to use more than, put it this way, I don't know how much of my 20 minutes I will use in my opening argument, so I don't know what I will need to, what I will have left, but I don't think I will be taking very long in the opening argument. Okay, and just to be clear, you represent Bulletproof and D'Amico? James D'Amico, yes. Okay. Okay, and counsel for appellee. Good afternoon, Justice Taylor. My name is John Kenney of Cervantes Chattin Prince PC. We represent the appellee's cross appellants, Tom and Paula Olson, and I would suggest we will not need much more than 10 minutes to argue its whole. Okay, well, we'll see about that. Mr. O'Brien, I'm going to tell you when you're at 15 minutes, so you may proceed. Thank you, your honor. Basically, I think that this case should be relatively one of the easier cases for this panel to, this is a classic case of starting with a faulty premise and thereby arriving at a faulty conclusion. The trial court treated the issue of, well, let me, the background, I'm assuming folks have read the, familiar with the facts, you can go straight to your argument. Okay, the trial court treated this as a question of impression under section seven of the Mechanics' Lien Act as to what is the effect of an untimely or an otherwise defective lien by a subcontractor and their ability to pursue a claim against the owner where that lien would not be valid or enforceable as against a lender, encompasser, subsequent purchaser, and so forth. The case is not, in fact, a case of first impression at all. There are, let me ask you a question. Why does the lien form under the act with regard to section seven not distinguish between liens intended for a third-party effect, a third-party versus effect of owners? There's no distinguishing between owners and third parties in section seven to the fourth, right? I would respectfully disagree with that. Okay. Section seven says no contractor, I'm reading it now, can enforce their lien, it's paraphrasing, unless within four months, I'm sorry, to the prejudice of any creditor, encompasser, or purchaser unless they file their lien within four months. And then, at near the end, it says such claim may be filed at any time after his contract is made and as to the owner may be filed at any time after the contract is made and within two years of completion. So, the owner is treated very differently. Is it perfected as to the owner if it's filed after four months? I mean, not perfected as to the owner, perfected, well, what would be the effect to file it after four months as to the owner? You still bring the suit, correct? Well, correct, and the other thing is after four months, but within two years, it's effective as to the owner. After four months, it's not effective as to the third party, you know, encumbrance or mortgage or whatever. Right, right. So, with regard to the four months, we have here Chase, and at the time the lien was filed, Chase was still a creditor, is that correct? At the time it was filed, I believe so, at the time. I mean, it is, I'm not trying to. No, right, at the time the suit was filed, no. No, that's right, but at the time the lien was filed, and isn't that the appropriate time? The time that's important here is it's for the parties you just mentioned, you know, it mentions all those parties, and it's for them to know that there's somebody out there, and so if your position is, well, it doesn't matter because at the time of suit, Chase really has noticed everybody. That's what's going on here for that four months. So, in this case, because of that, it's a little different than it might otherwise be, how does that affect your argument? Well, first of all, it doesn't really, because what I am saying is that, as this court's prior precedent has said, in National Theater Supply versus Bloom, and in particularly in North Shore Community Bank versus Sheffield Wellington, I would agree that whether Chase released their mortgage before or after we filed suit, we would not, Plaintiff Bulletproof would not, under this district's precedent, be able to enforce its lien to the president. We would be second in line behind the bank, okay. However, we are only trying to pursue it against the owner, and for the owner, there is a very different mode of notice, particularly relative to subcontractors, which is that they are supposed, there's two methods really. The owner is supposed to obtain, and the general contractor is supposed to give the owner a Section 5 sworn statement breaking down who his subcontractors are, what they're owed, what kind of work they're doing, etc. But the general contractor doesn't do that, or he gives incorrect amounts. He says the plumbing contractor is owed X, but he's actually owed more than X. Section 24 provides, and that's within 90 days, the notice has to be given to the owner by the subcontractor. That was done here. The Section 24 notice, appearing at page 21 of the appendix, was sent on February 8, in 2019, and we now know that the plaintiff's last, Bulletproof's last date of work was November 18, 1918, so less than 90 days prior. So, in other words, we are not, even if Chase still had a mortgage, we're not trying to enforce it as to them. I understand that, but I was just talking about the fact that they were out there. With regard to what happened here, Bulletproof did not provide a completion date, correct? In the lien, that's correct. All right, okay. And there are cases to say, although the statute does not specify it, judicial decisions have, for many years now, said that it should be there. Am I correct? You are correct. This is the first district only. Okay, but we are not a court of the first district only. We are a court, I'm sure you know, there's only one appellate court in Illinois. Right, no, I understand. It's very confusing. Law students never realize that. But the second district is. Yeah, they have a different decision. That's true. That's true. That's why I said. We can follow. It doesn't matter. I mean, we're all out there. I guess my point is, yes, those decisions are out there. We're talking, of course, about North Shore Community Bank and Merchants Environmental. Well, let me ask you a question because you've been in this business a lot longer than I have. I know about that. Is there a difference on how liens are filed in Cook versus rest of the state? That is, do people downstate or outside Cook County always put in completion dates in Cook? It's different, or is it mostly the same? I mean, when we look at this issue here, is this an issue in the 1st? Or is it an issue between 2 cases that seem to go different ways? The issue appears to be only in the 1st and therefore only in Cook County. I have not encountered, although I haven't felt the need to extensively research it. What other districts other than the 2nd district have said with regard to this, but again, it all comes back to. And this is where North Shore Community Bank is so helpful. Yes, the subcontractor or the contractor is definitely required to put in their last day to work. But only for the protection of 3rd parties. 3 different times in the North Shore decision, at least. It says the section 7 is for the benefit of 3rd parties. We don't care about 3rd parties here because there aren't any. Well, but there was 1 at the time of filing of the lien. Okay, but not at the time of filing suit number 1. But that's a different time. I mean, the question the other way, we don't need it. I mean, it's important here is the issue. Appears to be which time is relevant because in this instance. Your client took 2 steps to force this lien. 1 was to record it. And the other was to file suit on it. He didn't actually and because he was only proceeding against the owner and not as you say, the 3rd parties such as Chase. He didn't actually need to file his lien claim or record his lien claim with the recorder. All he needed to do is sue under Mechanics Lien Act, correct? Correct. And also because he was a subcontractor, he had to and did timely send a section 24 notice to the owner. Because unlike the general contractor, a subcontractor is unknown to the owner. The owner knows who they contracted with to do the work. They don't know what the subs are unless the subs. Send a section 24 notice, which we did in a timely fashion. It is that that just assignment is raising is by virtue of the fact that. Bulletproof opted to record its lien. Does the entire case then become a. Subject to the 4 month limitation period. Um, um, even though they're only proceeding against the owner. Not according to the case law. National theater supply versus bloom and Apollo heating and air conditioning versus American National Bank. I mean, a lien isn't required at all. If the claim is against the owner only and. I would submit that if a lien is not required at all. Finding it effectively shouldn't make things worse. And finally, not at all. If not at all is required. That would make no sense. Your argument is that this lean that was recorded. By bulletproof is a red herring. In a sense, yes. Because you didn't need it to to before shortly. All you need to do is Sue on it against. So, but that argument. Judge Nixon. That argument was that guy right before judge Nixon. Yes, and judge Nixon, unfortunately, like I say, treated this as a question of 1st impression, which it's not. And 2nd of all, as you probably read it in his. Memorandum opinion. Can I do a lengthy discussion of or the use of the word or in the statute. And came to the conclusion that if it's. Not if the lien is not enforceable against somebody. That is not enforceable against everybody, which is exactly contrary to the cases that he cited in his memorandum opinion. Both North Shore and merchants environmental allowed the cases to proceed. Against people other than. In the case of merchants environmental, it was the new part of the subsequent purchaser who bought before. Merchants filed their lien and in the case of North Shore, it was. No, sure. Versus Sheffield launch. I think it was an African name of blue. Blue Lake or something they were allowed to pursue their clean their claim. But it was not considered valid against the lender. Okay, that's fine. So I'm just for purposes of this case, right? Seems to me what your basic argument is and tell me if I'm wrong. We have 2 lines of cases, 1 outside cook and 1 in cook. The 1 in cook supports your position. Right? Well, put it this way. Both lines of cases support my position. Because I'm not trying to enforce the lien against the owner. Okay, the only difference would be if this were in. DuPage or some other county. Presumably, we wouldn't be having this discussion because they wouldn't be. No, judge, there will be looking at and misinterpreting. North Shore or merchants environmental. Whereas here, that's exactly what happened. I mean, with all due respect to the trial court, it's. You know, it just completely missed the point when they said that. You know, if the lien can't be put this when they read. Merchants environmental or North Shore community bank. As saying that if the. Lean can't be enforced against the lender. And it can't be enforced against anybody. That's not what those cases said. But that's what the trial court rule. 1 other thing I wanted to address before we get too far away. Uh, the defendant appellee raised the question of this course jurisdiction under 3 or 4. I don't hear any questions about this. So I assume the court is not. Concerned about the fact that. This resolves this completely disposed of a claim. But not the entire case as to plaintiff bulletproof. Well, Mr cook, I do have a question about jurisdiction, but not the 1 you're referring to. I wonder if we have jurisdiction over the cross. Bill, because I've never seen an instance where. The court has a jurisdiction over an order denying. A dispositive motion. Under rule 3 or 4. A, if it's not a final order, but you haven't raised that. I haven't raised that because the. The appellee basically said, if there isn't jurisdiction under 3 or 4 for them. And there isn't for us, I'm sorry. Then there isn't for them. I would agree with you that they probably should not be allowed to cross appeal. But I haven't raised the issue because. Just briefly, the Mr is much more clearly. Compliant, even with and would be enforceable, even against a lender. Because he said he substantially completed his work. As if I want to say January 19th or thereabouts of 2019. So he has a completion date. He used the term substantial completion date because. Of course, the general had to throw her off the job. So he didn't finish finished. But he had substantially completed. I mean, he did 74,000 dollars worth of carpentry work in a single family house. I have to assume that would be a substantial part. Not all of the framing. You know, the carpentry work that would be involved. Okay, so Mr. O'Brien, you're at 15 minutes. Unless you have anything else you want to say, I'll turn to your. Turn to Mr. Kenny. Well, I'm more than willing to further address justice. Hyman's questions for a moment if that's. Because it seems like he's still. Concerned about if he hasn't, if he wants to follow up on what we were talking about. Um, no, I think you, you. Given answers, you've assisted. Okay, I appreciate that. Yeah, I mean, basically, it's just a matter of. Section 7 and it's lean. It's not for the owner. That's for the 3rd parties. We did what we had to for the owner. We found our lean anyway. And also, the only other thing I would add is. As to the owner, a lean, maybe 5 may work. Bottom of the end of section 7 of the act. If this court believes that we should have included. The last day of work. As to the owner, the lean can be a mind amended at any time before final judgment. So, if you send the case back, I can file a new lien if the court feels that. We should have a last day to work in there. Even as to the owner. So, why are we here? Because the trial court dismissed the claim with prejudice. Yes. My right to amend the lean. Right? Yes, that's true. That is true. And you have that. Yes, I have an aversion to. Okay, Mr. O'Brien, you have 3 minutes and rebuttal. I'll turn to Mr. Kenny. Thank you. Thank you. Justice Taylor. The court and Mr. O'Brien covered, of course, much of the facts and disputed issues. So, I'll only add to what I think is maybe not been put forth yet. I'd rather hear from you what has been put forth because to me. Mr. O'Brien says something that I'd like to hear what you have to say. Because what he said is. Why are we here? I mean, basically, he couldn't amend. I mean, that was my last question. Okay, I understand. But he's saying it really doesn't matter. And when you look at section 7, it doesn't talk about the owner. And they can amend it. Anytime and he has the right to sue them for 2 years and so forth and so on. And he said, use the word red herring. It was his words, not mine. So, why isn't that correct? It's not correct. The trial court found it's not correct because. Well, but the trial court could be wrong. That's why we're here. Both sides say this is really clear. If it was so clear, I don't think the 2 of you would be here. Because we probably don't even need to have oral argument. So, you know, it's not so clear. Forgive me. Agreed. I'll just say myself, describing myself as the FLE for the sake of simplicity right now. The FLEs believe that the section 7 should be read and interpreted. The way that the opinion described, it's 3 possible interpretations. I'll call it interpretations for sake of discussion. And it's 1 of those cases where a lot hangs on disjunctive use of the word as this court knows and how that is then interpreted. In the last of 3 instances in which the trial court used the word constituent uses. When in the last constituent use, it compels an interpretation that there must be someone else in the calculus or in the analysis. And the court places that in its order. And I think it takes great pains and spends, takes great care in describing why it came to that conclusion. And we agree that if read properly, that is the proper interpretation. That's sort of step 1. But why is that? Because I got confused when the judge said, you know, that somebody else, you know. I mean, as we went over with Mr. O'Brien, that's just not there. It says specifically who's involved. And we talked about they are protected in other ways. So why then would it include the owner? I think it includes, well, it doesn't specify that. That's clear. But we think it does require that finding because when the disjunctive is used and in the instance of just placing to the prejudice of the statutory, to the prejudice of the creditor, encumbrance, or purchaser, unless certain requirements are met, e.g. a date, even if the lien is being enforced against, that's where the disjunctive use of against comes applied. And in the context of that sentence of Section 7, there's nobody else possibly to place in there because the constituency of encumbrances, creditors, and purchasers have already been utilized in the first place. But if the legislator wanted to put owners, they could have put owners. They put owners where they, elsewhere. So if they didn't put it in 7, and, you know, it just doesn't seem, the reason for all this, as you know, we're supposed to liberally construe it. I mean, it's to protect people who work like here. And they should have a right to get their payment. You know, so, and that's what we're talking about. So if you're right, it's a trick bag because of this. And to read in the word owner seems to be a potential stretch. That's a possible interpretation, no doubt, Justice Hyman. The, I guess I would reflect back to merchants at one point, probably seem novel and perhaps a stretch, not to pejor anyone. But also, I think that it's really helpful to read the final, that final paragraph on page 3 of Judge Nixon's opinion, where he specifies someone else has to be someone other than any other creditor or encumbrance or purchaser, like an owner. So it must be possible for the claim for lien to be recorded against someone else who is not a creditor, encumbrance, or a purchaser. Most importantly, it must also be possible for the lien to be unenforceable against that person if the claim for lien prejudice the creditor. But he's talking about someone else, right? Yes, correct. Someone else. Those words are his words. Yes. The problem I have with it is when I read that, I said, where did the somebody else concept? And then he, you know, Mr. O'Brien started by saying, we're looking at, I mean, the judge is excellent and knows this area, but then he let himself down here and he's relying on his own words to get there. And I don't see the someone else. If you could show me where someone else is here, the only way it's here is because he said it was here. Yes. Maybe that's your weak spot. You know, Justice Hyman, you put in a very apropos phrase. It's trick bag. I think that Judge Nixon was in a trick bag reading this. And I think he came to what is, and we believe, correct analysis that it must be, again, quote unquote, someone else. Like, I think merchants had to read in some language. I think Judge Nixon had to read in some language. And I wish that the legislature from our viewpoint had made this clearer. I think Mr. O'Brien would agree too. So I think we all went to one phrase or another. I think that, you know, it's unfortunate that it's not as clear. And I think it was proper action for Judge Nixon to take. And I know we've had some dispute on paper over whether this is first impression or not. I think it's important to note two things. One is I have found any of the cases that explore this phrase and its application at all, much less in my client's favor or Mr. O'Brien's client's favor. Anywhere. And as we know, it's hard to- Mr. Kenney, would we, if Bulletproof had actually not recorded a lien on the property, you know, for the plumbing work it did, but instead simply sued within two years to enforce its lien, would we even be here? Not under the interpretation I think Judge Nixon gave us. No, but under the, you know, under the fair interpretation of the statute, let's put aside what Judge Nixon said. I mean, the Bulletproof had an option to, it could have one, recorded its lien, or it could have sued. And if it were to sue, it wouldn't need it. It needed to sue within two years of completion of the contract, which it did. Yes. So your argument really seems to be that, you know, notwithstanding that, because it's recorded a lien and at the time it recorded the lien, Chase was still a creditor. It needed to record that lien within four months to be effective as to Chase. So isn't that all a red herring when at the end of the day, Bulletproof is not seeking to enforce any lien against a third party and it exercised another option available to it under a statute, which is to simply file suit? By which time, of course, Chase was no longer a creditor. Yes, it's a fair point and a good point, Justice Taylor. I think what explains and I think supports that the penalty of dismissal is probably best, not best contained, but certainly described in later in Judge Nixon's opinion and in footnote three, where he outlines, as in the case cited by Appellants, that there is a punitive measure intended by the state legislature in making sure this was complied with. And that this makes more sense and possibly an assessment that might not be sensible if one didn't look at the history and the intentions. I'm putting punitive in quotes, but certainly a penalty for failure to comply. It may be a drastic penalty if one would say that they lose their statutory claim rights. And I think that's why perhaps it seems inconsistent, but I think it is consistent with the notion that failure to do this is the fundamental underpinning of being consistent and enforcing these, even if seemingly inconsistent, is to press lien filers who comply with the statute so that the third parties are better protected and notified. And to motivate that, for lack of a better word, Justice Taylor. What about the cross-appeal? How do we have jurisdiction over a order denying a motion for judgment in the pleadings? I've never seen that. Under Rule 304A, at least. You know, respectfully, I understand the Court's position, and I had perhaps mistakenly thought to, as it relates, I don't disagree with the Court, and I didn't do it spuriously or to be I thought, in light of the 304A language and in light of the fact that I think the Court, you know, has been thrown this important case of interpretation, that the substantial completion date vis-a-vis what appellees are calling properly only to be a specific date requirement, we thought they were in lockstep with the argument before the Court on this, and so that's why we brought it before the Court. I certainly would understand it meant no to take advantage of a, between the 304A language and I think the parallel case, we thought it was appropriate to bring for jurisdiction before the Court. I certainly can understand what the Court would say. Perhaps on a denial, maybe not. I just, let me just ask a follow-up question. Your answer will be whatever it is, it's fine. Do you want to stand on that, on the appeal of that issue, after what you just said? I mean, which is fine, you can, and we'll decide it. Or do you want to say, well, leave it alone? I'm going to leave it alone. I'm going to, I'm going to leave it alone, Justice Hyman. In light of the fact, I don't want, I hope the Court understands I'm really trying to save time, not waste time down the road, but perhaps... It's fine, I said you could, it doesn't, it doesn't affect, we'll do the work, we've already done some. I'd only, I'd only be wasting the Justice's time, I understand that. You're not wasting their time. Okay. Anything else, Mr. Kenney? So the dates, jurisdiction, you know, I did raise jurisdiction on the, of course, on the appeal itself, and, and which, which began our other conversation about jurisdiction over our cross appeal. And we do believe that since there still remain a breach of contract action and, and the quantum Merowit action pending, even if... But aren't they different claims? I mean, ultimately, they're all, they're all, they're all after money, but they're really different theories, right? I think they are, they all stem from the same common set of facts and the, and the same dispute. And I think that as such, this was not timely, despite having finite, what I'll call finality language, Justice Taylor. Okay. But we hear appeals of motions to dismiss with prejudice all the time. We hear and realize that it, you know, yours was motion for judgment on the pleadings, but I, I mean, this disposed of a claim, it disposed of count one. Yes. Agreed. I, I, I understand where the court is going. Yes. What about the notion that some counties don't stand by that for a month having to put your date of completion in the notice? Is that your understanding that this is unique to Cook County? Yes. And I think that's a great question, Judge Gamrath. And I think both Mr. O'Brien, I would love to talk for hours about that because I think it's a bigger issue than what is before the court. And as, and as far as common practice, both Mr. O'Brien and I do a significant amount of this work. So I think he, we could both say that many attorneys just make sure they include the completion date on all claims in all counties, just to make sure they don't forget they're in, for instance, DuPage County, vis-a-vis Cook County. So as a matter of common practice, that's what goes on with experienced claim filers. As far as the divide, I am very sympathetic and represent a lot of homeless. I don't represent a very, a lot of very large commercial property owners. And I believe that of, of say a hundred clients that have walked through my door in 30 years trying to talk about mechanic's liens against their single family or maybe multi-family residence somewhere in Cook County, for instance. I don't think I've ever heard one that either received or asked for a sworn statement, for instance, which of course is not before the court now, I understand. My point is, I believe that this is beyond the four corners of the case, but I think any step that can help those individuals not as experienced with the very complexity of the Mechanic's Lien Act within a reasonable stretch is helpful to those people who I think get injured by it. As, as the court knows, oftentimes this is an instance of the homeowner paying in full the general and the general disappearing. And then the good faith homeowner and the good faith subcontractors, which is I think probably what we have in this case, to a degree, Justice Gamrath, are the bag holders, if you will. And the general goes off. So good to protect the subcontractors, not so good to protect the owner who was swindled oftentimes. So as far as, back to your question, I prefer the first district viewpoint as I think it better protects those individuals who are not familiar with the statute. Mr. Kenny, when Bulletproof filed its complaint, they named Chase as a defendant. What allegations, well, in the case of Chase, did they seek an order giving their lien priority over Chase's lien, or did they, did they make any allegation in that regard? I would have, forgive me, Justice Hill, I'd have to go back and look at the prayers, but common pleading practice is for enforcement, of course, of the lien, which then leapfrogs, if you will, most other liens, e.g. mortgages and other, other types of liens outside of, say, for instance, the, I know that, I know, Judge Taylor, you're familiar with that from earlier days also, but in my experience, that's, it's a typical pleading statement for foreclosure, if not specifying that they will have priority, certainly implying they will have priority. Well, and normally they would get priority, but they would have had to file within, record their lien within four months. Yes. Okay. And here they did both, both recorded and then sued within two years. We didn't contest the time, we contested the No, thank you. Okay. Thank you. Mr. O'Brien, I wonder if you can, if you know whether your complaint sought to, whether your complaint alleged that your lien, mechanic's lien should be subordinated against Chase's lien, or whether you sought to supersede Chase's lien in the complaint that you filed against Chase. I'm looking for it right now. The, I'm fairly sure I would have declared it with a lien, a first lien prior to the interest. Well, wait. Although, yeah, in page 810 of the appendix, paragraph B, we did it as counsel pointed out, it's kind of boilerplate in a mechanic's lien action. You ask for your lien to be first and prior to the interest of any other parties. Obviously I can amend the complaint, although it would make very little sense because Chase is out of the case. And, you know, if I had done a last minute track search before I filed the suit, they would have never been in the case because I think they released the mortgage about two or three weeks before we filed suit. So that, certainly the, put it this way, there are no third parties that were seeking to, obtain priority over now. There are, I mean, basically there are three lien claimants whose claims are active. There's my two clients, and then there's another named defendant, Mickey Strywall. Did you seek to amend your complaint? I amended the complaint after the first motion to strike was filed because as that complaint correctly, or as that motion correctly pointed out, the, and this is an interesting point of argument too, section seven does not require the last date of work to be included in a lien. That's a first district creation, of course, under merchants. My question is, did you ever seek to amend your complaint to drop chase? Well, no, because the amended complaint was filed in the proceeding in February of 22. And the proceedings since then have all been on the motion of the Olson defendants, the owners, to strike the complaint. But getting back to if I may, for one. And so this was a motion for judgment on the pleadings as well? Well, the 1st was either a motion for judgment on the pleadings or a motion to strike. I forget which, but it raised the issue of we didn't have our last date of work in the complaint. Now, unlike section 7, the last date of work is required to be included in a complaint under, I believe, section 11 of the Mechanics Lien Act. And it's like, oops, okay, we'll fix that. And I think they also raised the issue that we hadn't attached any written contracts or explained the absence of same. So we've mentioned that we don't have a copy of the general contract with the owners. And both of the plaintiffs had verbal agreements with the general contractors. So therefore, no contracts were attached. So the Olson's filed a motion for judgment on the pleadings. And they argued that Bulletproof and D'Amico's liens were invalid because it didn't include the last date of work. And so, you know, we're talking about the pleadings. The pleadings still alleged that Chase was a lien holder. And the pleading, you're telling me, sought an order that would make your lien a higher priority than anybody else's lien. So why did the judge err then? Well, because, I don't know, I'm looking for it. I believe it's page A34. There was a stipulation that was filed to dismiss Chase because it had released its mortgage on the So is it your argument that by virtue of that stipulation, dismissing Chase, that they're no longer in the case? Correct. So that there's no longer a third-party creditor who could potentially be prejudiced? Correct. By your lien being a higher priority. Right, right. We're not trying to force our lien to be a third-party prejudice of a non-existent third-party because they're out. Okay, anything else? Only I would say that the counsel said that he and I would be willing to talk for hours about this. I'm actually not. I think it's a very straightforward situation where we seem to have common ground that if there is no lien filed at all, we're not even having this conversation. We're not in the appellate court. When a lien is filed, that would be valid anywhere else in the state as to the lender, but not here in the First District, then it would not be enforceable as to the lender. When there's no lender, there's no defect in the lien. The lien was filed in ample time to notify anybody dealing with the property after it was filed, that hey, there's a case, there's a lien, and of course, there was a list of pendants filed with the suit. So it's very straightforward. There simply is no, there's nothing in Section 7 that says the last date of work has to be included at all. The logic behind the opinions saying that the last date of work has to be included makes perfect sense as to lenders because a lender or prospective lender looking at the title of the property might want to know whether they're going to be able to make the loan. When I say lender, it's probably really a title company. They're going to say, is there a valid lien here or is this just something somebody filed that won't actually impair a lender's being in first position? And that's all well and good, but we're not enforcing it against a lender. We're not trying to enforce it against a lender. Okay. Thank you, Mr. O'Brien. The court appreciates the zealous advocacy by both sides. The matter is submitted and the court will issue a decision in due course. Thank you all for your time. Thank all of you. Thank you very much. Have a great day.